UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EVGENY PISTRAK and JANE DOE,<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF WASHINGTON,<br><br>Defendant. | CASE NO. C23-362 MJP<br><br>ORDER GRANTING MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTION TO APPOINT AND TO SUBSTITUTE |

This matter comes before the Court on Defendant's Motion to Dismiss (Dkt. No. 10), Plaintiff's Motion to Appoint (Dkt. No. 12), and Plaintiff's Motion to Substitute (Dkt. No. 13). Having reviewed the Motions, the Responses (Dkt. Nos. 11, 14, and 15), the Replies (Dkt. Nos. 16, 17, 18), and all supporting materials, the Court GRANTS the Motion to Dismiss and DENIES Plaintiff's two Motions. The Court DISMISSES this action with prejudice.

**BACKGROUND**

Appearing pro se, Plaintiff Evgeny Pistrak brings a declaratory judgment action against the State of Washington, which he identifies as the "The Judicial Branch of the Washington State

Government." (Complaint (Dkt. No. 1).) Pistrak alleges that as part of his divorce "between an authorized immigrant [him] and an unauthorized immigrant [his ex-wife] the Washington Court ordered financial support of ('awarded spousal maintenance to') the unauthorized immigrant spouse on the sole basis of lack of work authorization." (Id. ¶ 14.) Pistrak appealed the court's determination and the Washington State Court of Appeals affirmed the maintenance order. (Id. at ¶ 49.) Pistrak's efforts to have the Washington Supreme Court take review proved fruitless and he exhausted his appellate avenues for relief. (Id. at ¶¶ 50-51.) Pistrak alleges that the court's order requiring spousal maintenance "solely on the unauthorized immigrant's status" impermissibly intrudes on the federal government's exclusive authority to regulate immigration. (Id. ¶ 22.) Pistrak seeks a declaratory judgment "recognizing that the Constitution protects residents from being coerced by States into paying for immigration status of unauthorized immigrants." (Id. ¶ 75; see id. ¶¶ 70-75.) And Pistrak seeks to represent a class of similarly-situated individuals, who he identifies as "Plaintiff Jane Doe"—"a stand in for any Class Member" whose "case illustrates the minimal factual requirements of the Class case." (Id. ¶ 8.)

## ANALYSIS

A.    **Legal Standard**

Defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) tests whether the Court has subject matter jurisdiction over the claims. Dismissal under Rule 12(b)(1) is proper if the Court lacks subject matter jurisdiction to adjudicate claims asserted in Pistrak's complaint. The Court's analysis begins with the proposition that the party asserting jurisdiction bears the burden of establishing subject matter jurisdiction. Ass'n of Am. Med. Coll. v. United States, 217 F.3d 770, 778–79 (9th Cir. 2000). Here, Defendant challenges jurisdiction based on information in the Complaint. The Court accepts allegations in the Complaint as true, and draws

1  all reasonable inferences in Pistrak's favor. See Mir v. Little Co. of Mary Hosp., 844 F.2d 646,
2  649 (9th Cir. 1988). And because Pistrak appears pro se, the Court holds his complaint "to less
3  stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519,
4  520 (1972).

**B.   Advisory Opinion**

Defendant seeks dismissal under Rule 12(b)(1) on the theory that Pistrak improperly seeks an advisory opinion over which the Court lacks subject matter jurisdiction. The Court agrees.

"The rule against advisory opinions is 'the oldest and most consistent thread in the federal law of justiciability,' reflecting the same core considerations that underlie the justiciability doctrine more generally." Ctr. for Biological Diversity v. United States Forest Serv., 925 F.3d 1041, 1047 (9th Cir. 2019) (quoting Flast v. Cohen, 392 U.S. 83, 96 (1968)). In order not to violate this rule and present a justiciable dispute, a case must satisfy two requirements. First, the case must present "'an honest and actual antagonistic assertion of rights by one [party] against another.'" U.S. Nat'l Bank v. Indep. Ins. Agents of Am., Inc., 508 U.S. 439, 446 (1993) (alteration in original) (quoting Muskrat v. United States, 219 U.S. 346, 359 (1911)). Second, the court must be empowered to issue a decision that serves as more than an advisement or recommendation. Id. at 446. "A party does not seek an advisory opinion where 'valuable legal rights . . . [would] be directly affected to a specific and substantial degree' by a decision from the court." Ctr. for Biological Diversity, 925 F.3d at 1048 (quoting U.S. Nat'l Bank, 508 U.S. at 446 (alterations in original)).

Pistrak's request for a declaratory judgment improperly seeks an advisory opinion. Pistrak asks the Court to issue a declaratory judgment declaring that the Washington State Courts

may not issue spousal maintenance orders premised on considerations of a spouse's immigrant's status. (Compl. ¶¶ 22, 70-75.) Such a declaratory judgment (if valid) would not settle an actual and honest dispute implicating Pistrak's rights. That is because Pistrak's obligations to provide spousal maintenance have been fully litigated and resolved. So even if the Court issued the requested declaratory judgment, it would not implicate his spousal maintenance obligations. Because Pistrak's complaint does not present a live controversy and seeks only an advisory opinion, the Court must dismiss the action for lack of subject matter jurisdiction. And to the extent that Pistrak seeks an order invalidating his spousal maintenance order, that relief cannot be obtained, as explained in the subsection below.

**C.    Rooker-Feldman Doctrine**

The Court also finds that the Rooker-Feldman doctrine provides an additional bar to Pistrak's claim.

"Rooker-Feldman is a powerful doctrine that prevents federal courts from second guessing state court decisions by barring the lower court from hearing de facto appeals from state court judgments." Bianchi v. Rylaarsdam, 334 F.3d 895, 898 (9th Cir. 2003). Named after a pair of Supreme Court cases, Rooker-Feldman bars federal lawsuits seeking to overturn state judgments, because, by federal statute, only the Supreme Court has jurisdiction to review state court decisions. See Carmona v. Carmona, 603 F.3d 1041, 1050 (9th Cir. 2010). But the Rooker-Feldman doctrine does not apply if the plaintiff asserts as a legal wrong an allegedly illegal act or omission by an adverse party in state court. Id.

In his opposition to Defendant's Motion to Dismiss, Pistrak argues that his declaratory judgment action does, in fact, challenge the underlying spousal maintenance order. Pistrak asserts that he "aims to obtain a ruling that declares the state court's decision to be in conflict

with federal immigration law" and that this "ruling would provide specific relief to the plaintiff and others similarly situated by potentially invalidating the state court's order and impacting future decisions in similar cases." (Resp. at 2.) This request runs headlong into the Rooker-Feldman doctrine because it asks the Court to overturn the state court's spousal maintenance order and judgment binding Pistrak. See Carmona, 603 F.3d at 1050. This is an alternative basis on which the Court dismisses Pistrak's action.

D.     **Plaintiff Cannot Represent Class**

To the extent that Pistrak seeks to represent a class whose claims might not seek an advisory opinion or violate the Rooker-Feldman doctrine, the Court finds that Pistrak is an inadequate class representative and that his claims are atypical of such a class. See Fed. R. Civ. P. 23(a)(3)-(4). Additionally, Pistrak may not represent a class given that he is appearing pro se. Courts have generally concluded that a purported class representative who proceeds pro se cannot represent the interests of the class because he will not provide adequate representation for the class as required by Federal Rule of Civil Procedure 23(a)(4). See McShane v. United States, 366 F.2d 286, 288 (9th Cir.1966) (affirming the dismissal of a class action for lack of jurisdiction because a pro se plaintiff "has no authority to appear as an attorney for others than himself"). This follows from the legal principle that pro se litigants can represent themselves, but themselves only. Simon v. Hartford Life, Inc., 546 F.3d 661, 664–64 (9th Cir. 2008) (applying the "general rule prohibiting pro se plaintiffs from pursuing claims on behalf of others in a representative capacity" including class actions); Johns v. Cnty. of San Diego, 114 F.3d 874, 876 (9th Cir. 1997) ("While a non-attorney may appear pro se on his own behalf, he has no authority to appear as an attorney for others than himself." (internal quotation marks and citations omitted)). Here, the Court finds that Pistrak cannot serve as adequate class counsel because he is

appearing pro se and presents no indication that he is able to serve as adequate class counsel even if this action could proceed.

**E.     Motion to Substitute**

Pistrak asks the Court to permit him to substitute the Washington Attorney General as the named defendant to respond to Defendant's motion to dismiss arguments premised on the Eleventh Amendment. (See Pl. Mot. to Substitute at 1-2 (Dkt. No. 13).) This substitution would not save Pistrak's complaint. Even if Pistrak's claim was directed against the Attorney General, it would still seek an advisory opinion or violated the Rooker-Feldman doctrine. The Court therefore DENIES the Motion to Substitute.

**F.     Motion to Appoint**

Pistrak asks the Court to appoint him counsel. The Court denies this request.

There is "no constitutional right to counsel in a civil case." Adir Int'l, LLC v. Starr Indem. & Liab. Co., 994 F.3d 1032, 1038–39 (9th Cir. 2021), cert. denied, 211 L. Ed. 2d 568, 142 S. Ct. 861 (2022). "[C]ivil litigants who cannot afford counsel are not constitutionally guaranteed the appointment of a lawyer." Id. at 1039. Where a federal law gives the Court discretion to appoint counsel, "[t]hree factors are relevant to the trial court's determination whether to appoint counsel: (1) the plaintiff's financial resources; (2) the efforts made by the plaintiff to secure counsel on his own; and (3) the meritoriousness of plaintiff's claim." Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 269 (9th Cir. 1982).

Even if Pistrak had identified a law permitting the Court to appoint counsel, the Court rejects the request for counsel because Pistrak's claim lacks merit. Appointment of counsel would be both improper and unnecessary. And Pistrak has failed to explain why he cannot otherwise afford to retain counsel. Accordingly, the Court DENIES the Motion to Appoint.

# CONCLUSION

Pistrak's complaint improperly seeks an advisory opinion and the Court lacks subject matter jurisdiction to issue such relief. And to the extent that Pistrak identifies a live controversy, he improperly seeks a ruling that would overturn his spousal maintenance order in violation of the Rooker-Feldman doctrine. The Court therefore GRANTS the Motion and DISMISSES this action with prejudice because no amendment could save Pistrak's claim, which also cannot proceed on a class basis.

The Court also DENIES Pistrak's Motion to Appoint, given that he has not identified any viable claims. And the Court DENIES the Motion to Substitute, which would not provide relief sufficient to cure the defects in the complaint that require dismissal.

The clerk is ordered to provide copies of this order to Plaintiff and all counsel.

Dated May 16, 2023.

Marsha J. Pechman
United States Senior District Judge